SUMMARY ORDER
Xin Di Huang, through counsel, petitions for review of the July 2004 BIA order affirming an Immigration Judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ’s decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep’t of Justice, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Secaida-Rosales v. INS, 331 F.3d 297, 306-13 (2d Cir.2003).
Huang challenges the IJ’s determination that he was ineligible for relief under Matter of C-Y-Z-, 21 I. & N. Dec. 915 (BIA 1997)—in which the BIA held that the forced sterilization or abortion of one spouse is an act of persecution against the other spouse on the basis of which the second spouse can establish past persecution under IIRIRA § 601(a)—because Huang and his girlfriend were not married and because his girlfriend was only threatened with abortion. This Court has not ruled conclusively on boyfriend eligibility under IIRIRA § 601(a). See Shi Liang Lin v. U.S. Dep’t of Justice, 416 F.3d 184, 192 (2d Cir.2005) (remanding a series of cases to the BIA for a more detailed explanation about the eligibility of boyfriends and fiances under IIRIRA § 601(a)). Moreover, if boyfriends are eligible for IIRIRA § 601(a), it is not clear whether the BIA might have intended to conclude that threats of coercive population control, which suffice to establish persecution for *208 the threatened spouse, may also constitute persecution for the second spouse. Although Huang’s brief to the BIA did not specifically refer to Matter of C-Y-Z-, he has consistently characterized his claim as based on his girlfriend’s threatened abortion. Remand to the BIA to determine whether Huang qualifies for relief under IIRIRA § 601(a) (including the prior question of whether the threat to his girlfriend rose to the level of persecution) is thus appropriate. See Gill v. INS, 420 F.3d 82, 87 (2d Cir.2005) (statutory exhaustion “bars the consideration of bases for relief that were not raised below, and of general issues that were not raised below, but not of specific, subsidiary legal arguments, or arguments by extension, that were not made below”).
Substantial evidence does support the IJ’s determination that apart from the threat of abortion the other conduct complained of did not constitute past persecution. Huang was never arrested or detained, nor did he allege that the family planning officials threatened to arrest, detain, or otherwise punish him for not contacting them. See Ai Feng Yuan v. Dep’t of Justice, 416 F.3d 192, 198 (2d Cir.2005) (citing Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir.1995) (“persecution is an extreme concept that does not include every sort of treatment our society regards as offensive”). Additionally, there is no evidence to support a claim that Huang suffered past economic persecution based on the 5,000 RMB fine because it was paid by his parents and girlfriend.
Further, the IJ reasonably determined that Huang failed to establish a well-founded fear of future persecution. Although Huang testified credibly that his girlfriend was fined 15,000 RMB, there was no indication that he had also been fined 15,000 RMB, nor did he offer evidence as to how his financial circumstances would specifically be impacted by his girlfriend’s fine, if he returned to China. See Guan Shan Liao v. U.S.Dep’t of Justice, 293 F.3d 61, 70 (2d Cir.2002) (finding that an absence of evidence of applicant’s net worth or other information necessary to evaluate his financial circumstances, precluded a finding of economic persecution). In addition, while Huang testified on cross-examination that his girlfriend remained in hiding and indicated that the authorities continued to pursue his whereabouts, again, Huang did not allege that the family planning officials threatened to arrest, detain, or otherwise punish him for not contacting them. Moreover, given Huang’s indication that he legally departed China, the IJ reasonably concluded that Huang would have no reason to fear that he would be prosecuted or punished in any way for his departure from China.
Lastly, because Huang failed to raise the issue of CAT relief in his petition for review, other than to provide boilerplate law regarding its legal standards, it is deemed waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 546 n. 7 (2d Cir. 2005).
For the foregoing reasons, we GRANT Huang’s petition for review, VACATE the BIA decision, and REMAND to the BIA to determine whether Huang qualifies for relief under IIRIRA § 601(a). Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).